**NOT FOR PUBLICATION**

# FILED

FEB 28 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH TAYLOR; et al.,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>GOOGLE, LLC,<br><br>Defendant-Appellee. | No. 22-16654<br><br>D.C. No. 5:20-cv-07956-VKD<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Virginia Kay DeMarchi, Magistrate Judge

Argued and Submitted February 14, 2024
San Francisco, California

Before: MILLER, BADE, and VANDYKE, Circuit Judges.

Plaintiffs-Appellants appeal from the district court's order dismissing the first amended complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs sued Google in a putative class action, asserting claims for conversion and quantum meruit under California law, based on Google's alleged passive data transfers using Plaintiffs' cellular data without their knowledge or

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

consent, and without compensation. We have jurisdiction under 28 U.S.C. § 1291 and review de novo. *Hunley v. Instagram, LLC*, 73 F.4th 1060, 1068 (9th Cir. 2023). We affirm in part, and we reverse and remand in part.

1. "Conversion is the wrongful exercise of dominion over the property of another." *Welco Elecs., Inc. v. Mora*, 166 Cal. Rptr. 3d 877, 881 (Ct. App. 2014). Under California law, conversion has three elements: (1) the plaintiff owns or has a right to possess the personal property; (2) the defendant disposes "of the property in a manner that is inconsistent with the plaintiff's property rights; and (3) resulting damages." *Fremont Indem. Co. v. Fremont Gen. Corp.*, 55 Cal. Rptr. 3d 621, 638 (Ct. App. 2007).

Plaintiffs adequately plead the first element of conversion. California law requires "three criteria [to] be met before the law will recognize a property right." *G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 903 (9th Cir. 1992). "First, there must be an interest capable of precise definition; second, it must be capable of exclusive possession or control; and third, the putative owner must have established a legitimate claim to exclusivity." *Id.*; *see also Holistic Supplements, L.L.C. v. Stark*, 275 Cal. Rptr. 3d 791, 806 (Ct. App. 2021) (agreeing that *G.S. Rasmussen*'s "test stakes out useful guideposts" for determining whether "the property element of conversion is implicated").

Applying these criteria, we conclude that cellular data is capable of precise

definition. Although intangible, cellular data serves the particular purpose of enabling access to the cellular network; it can be precisely limited by a user's data plan; it can be measured when being used; and it can be attributed to a particular user based on that user's unique identifier code. *See G.S. Rasmussen*, 958 F.2d at 903; *Kremen v. Cohen*, 337 F.3d 1024, 1030 (9th Cir. 2003) (concluding that a registered domain name is capable of precise definition).

Cellular data is also capable of exclusive possession or control. It can be "valued, bought and sold," *Kremen*, 337 F.3d at 1030; users may transfer their interest in cellular data through mobile hotspots; and the right to transmit cellular data over a cellular network is by its nature restricted to the user, *G.S. Rasmussen*, 958 F.2d at 903. In addition, the manner in which a user's exclusive interest in cellular data vests is analogous to that in the utilities context. As is the case for utilities, the user's claim to exclusive possession or control of cellular data vests when the user causes "an actual diversion and beneficial use of the [data]" by using the cellular network's bandwidth to make data transfers. *See Inyo Consol. Water Co. v. Jess*, 119 P. 934, 936 (Cal. 1911); *see also Terrace Water Co. v. San Antonio Light & Power Co.*, 82 P. 562, 563 (Cal. 1905).

Plaintiffs also have a legitimate claim to exclusivity in their cellular data. Users with cellular data plans have "reasonable investment-backed expectations" in their ability to access their carriers' cellular network. *G.S. Rasmussen*, 958 F.2d

at 903. Indeed, Plaintiffs have purchased the right to transmit bytes of information over their carriers' networks up to the amounts provided by the terms of the plans.

Plaintiffs adequately plead the second element of conversion because they plausibly allege that Google uses Plaintiffs' cellular data in a manner inconsistent with their property interests. Carriers meter the cellular data consumed by every transmission to and from a mobile device. When Google transmits information from the user's device to Google's servers, the cellular data expended in that transmission is allocated to the user and treated by the carrier as data that the customer has consumed. Therefore, Google's "unauthorized transfer" of bytes using Plaintiffs' data allotment necessarily prevents Plaintiffs from using all the data they purchase from their carrier. *Welco Elecs.*, 166 Cal. Rptr. 3d at 884 (holding that an "unauthorized transfer" of "part" of a plaintiff's available credit balance with a credit card company was conversion). As for Google, it "obtain[s] a valuable benefit . . . without authorization or permission" from a user when it piggybacks off the user's data plan by accessing the cellular network through the user's unique identifier code. *Rasmussen*, 958 F.2d at 906.

Plaintiffs adequately plead the third element of conversion because they plausibly allege that they incur damages when Google converts a portion of their cellular data. Under California Civil Code section 3336, the measure of damages for conversion of personal property is "[t]he value of the property at the time of the

conversion, with the interest from that time." *Virtanen v. O'Connell*, 44 Cal. Rptr. 3d 702, 717 n.8 (Ct. App. 2006) (quoting section 3336); *Lueter v. State*, 115 Cal. Rptr. 2d 68, 81 (Ct. App. 2002) (same); *Tyrone Pac. Int'l, Inc. v. MV Eurychili*, 658 F.2d 664, 666 (9th Cir. 1981) (same). This measure of damages "track[s] the traditional common law conception of conversion as a forced sale." *Tyrone Pac. Int'l*, 658 F.2d at 666. Like a "forced sale," *id.*, Google's alleged surreptitious use of the cellular network through Plaintiffs' data plans causes Plaintiffs to experience an immediate, discrete loss of a specific sum of valuable cellular data, which is charged against their data plans. Thus, the value of the converted cellular data is the measure of Plaintiffs' resulting damages. *See Lueter*, 115 Cal. Rptr. 2d at 81.

The conversion claim was pleaded properly and should not have been dismissed. Therefore, we reverse and remand to the district court for further proceedings on that claim.

2. "Quantum meruit (or quasi-contract) is an equitable remedy implied by the law under which a plaintiff who has rendered services benefiting the defendant may recover the reasonable value of those services when necessary to prevent unjust enrichment of the defendant." *In re De Laurentiis Ent. Grp. Inc.*, 963 F.2d 1269, 1272 (9th Cir. 1992). "The requisite elements of quantum meruit are (1) the plaintiff acted pursuant to 'an explicit or implicit request for the services' by the defendant, and (2) the services conferred a benefit on the

defendant." *Port Med. Wellness, Inc. v. Conn. Gen. Life Ins. Co.*, 233 Cal. Rptr. 3d 830, 852 (Ct. App. 2018) (quoting *Day v. Alta Bates Med. Ctr.*, 119 Cal. Rptr. 2d 606, 610 (Ct. App. 2002)). To recover in quantum meruit, a plaintiff "must show the circumstances were such that the services were rendered under some understanding or expectation of both parties that compensation therefor was to be made." *Huskinson & Brown, LLP v. Wolf*, 84 P.3d 379, 381 (Cal. 2004) (quotation marks omitted).

Plaintiffs have not alleged that they provide cellular data to Google pursuant to any explicit or implicit request by Google. *See Day*, 119 Cal. Rptr. 2d at 610. Moreover, Plaintiffs concede that they cannot allege any expectation of payment because they contend that Google uses their cellular data without their knowledge or consent. *See Huskinson*, 84 P.3d at 381.

Accordingly, Plaintiffs do not plausibly allege the elements of a quantum meruit claim. We therefore affirm the district court's dismissal of that claim.

**AFFIRMED in part; REVERSED and REMANDED in part.**